United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP CARL JABLONSKI,<br><br>      Petitioner,<br><br>  v.<br><br>KEVIN CHAPPELL,<br><br>      Respondent.<br>                                    / | No. C 07-3302 SI<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING WITHOUT PREJUDICE MOTION FOR STAY AND ABEYANCE** |

    Petitioner Philip Carl Jablonski is a condemned prisoner at California's San Quentin State Prison. Petitioner has filed a habeas petition containing forty-three claims. Respondent contends that the petition must be dismissed because it contains sixteen unexhausted claims. Petitioner counters that the petition should instead be stayed and held in abeyance pending his exhaustion of claims in state court. For the reasons stated below, respondent's motion to dismiss is DENIED. Petitioner's motion for stay and abeyance is DENIED WITHOUT PREJUDICE.

# BACKGROUND

In 1994, petitioner was convicted of the first degree murders of his wife and her mother. The jury found true the special circumstance allegations of murder while engaged in the commission or attempted commission of rape and sodomy, and prior-murder and multiple-murder. Petitioner was sentenced to death. The Supreme Court of California affirmed his conviction and sentence. *People v. Jablonski*, 37 Cal. 4th 774 (2006).

On May 6, 2011, petitioner filed a federal habeas petition. Following the grant of his motion for equitable tolling, he filed an amended petition on May 7, 2012. On June 7, 2012, the parties filed a joint statement agreeing that sixteen of petitioner's claims – claims 1(H), 1(I),1(K), 2, 3, 27, 31, 32, 35 - 40 and 42 – are unexhausted. Respondent subsequently filed motion to dismiss the petition because it contains unexhausted claims. Petitioner countered with a request for stay and abeyance pending his exhaustion of claims in state court. Respondent contends that a stay is not warranted.

# LEGAL STANDARD

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1) (A). The exhaustion requirement is grounded in principles of comity as it gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In *Rose v. Lundy*, 455 U.S. 509 (1982), the Supreme Court held that for reasons of comity and federalism, district courts may not adjudicate mixed petitions, i.e. petitions containing exhausted and unexhausted claims. A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory

No. C 07-3302SI

2

tactics. *Id.* at 278.

Neither the Supreme Court nor the Ninth Circuit has articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. Digugliemo*, 544 U.S. 408, 416 (2005), the Supreme Court stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first. The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine the AEDPA's twin goals of reducing delays in the execution of criminal sentences, and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust as such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. *Id*.

District courts have diverged in their interpretation of good cause. A number of courts have analogized it to the good cause requirement for overcoming procedural default. *See*, *e.g.*, *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205,1207 (C.D. Cal. 2005); *Bader v. Warden*, 2005 WL 1528761 at *7 (D. N.H. 2005) (unpublished memorandum). Under the procedural default doctrine, the "cause" standard requires a petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Other courts have found the "good cause" requirement for a stay to be less stringent than that required in the procedural default context. *See*, *e.g.*, *Corjasso v. Ayers*, 2006 WL 618380 at *1 (E.D. Cal. 2006) (comparing good cause standard to that of excusable neglect); *Hoyos v. Cullen*, 2011 U.S. Dist. LEXIS 462 (S.D. Cal. 2011) (same).

## DISCUSSION

Respondent moves to dismiss petitioner's petition because it contains unexhausted claims. Such a dismissal however, is unwarranted because a mixed petition may be stayed provided that petitioner shows good cause for his failure to exhaust, establishes that his claims are potentially meritorious and shows that he did not intentionally engage in dilatory tactics. *Rhines*, 544 U.S. at 273-78.

Petitioner requests that his petition be stayed pending his exhaustion of sixteen claims in state court. These claims are as follows:

– Claims 1(H), 1(I) and 1(K): Trial counsel was ineffective for failing to investigate, develop and present evidence regarding his predisposition to and family history of alcoholism and domestic violence, his childhood history of sexual assault, abuse and related mental illnesses, and for failing to argue that the medication he was prescribed during trial rendered him incompetent.

– Claim 2: Direct appeal counsel provided ineffective assistance by failing to raise meritorious claims.

– Claim 3: State habeas counsel provided ineffective assistance by failing to investigate and raise meritorious claims in state habeas proceedings.

– Claim 27: Petitioner's right to due process was violated because he was under the influence of antipsychotic drugs during pretrial and trial proceedings.

– Claim 31: The death penalty constitutes cruel and unusual punishment in violation of the Eighth Amendment.

– Claim 32: Executing petitioner after he spent seventeen years on death row would violate his right to be free from cruel and unusual punishment.

– Claim 35: California's capital sentencing scheme violates the Fourteenth Amendment because it affords the prosecutor unbridled discretion to seek the death penalty.

– Claim 36: Petitioner's Eighth and Fourteenth Amendment rights have been violated because California death sentences are arbitrarily imposed depending on the county in which the defendant is charged.

– Claim 37: Petitioner's conviction and sentence violate his constitutional rights because political pressures hinder the California Supreme Court from fairly and impartially deciding death penalty cases.

– Claim 38: Petitioner's death penalty is invalid because California Penal Code § 190.3(a), as applied, is impermissibly vague.

– Claim 39: California's death penalty statute violates the Eighth and Fourteenth Amendments because it does not require sentencing juries to make written findings.

– Claim 40: Petitioner's execution pursuant to California's lethal injection protocol would violate his right to be free from cruel and unusual punishment.

– Claim 42: Petitioner's sentence is invalid because it violates international law.

Petitioner alleges that ineffective assistance of counsel constitutes good cause for his failure to exhaust the above claims. He asserts that because he was represented by the same attorney in both his appellate and state habeas proceedings, that attorney faced a conflict of interest in bringing claims of ineffective assistance of appellate counsel against himself in state habeas proceedings (as in claim 2), or raising potentially meritorious claims in state habeas proceedings that should have been raised on direct appeal (such as claims 20, 27, 31, 32, 35-40, and 42). Petitioner alleges that the same counsel failed to raise potentially meritorious claims of ineffective assistance of trial counsel (claims 1(H), 1(I), 1(K)). He asserts that this failure is the result of the ineffective assistance of state habeas counsel, as discussed in claim 3. Finally, petitioner asserts that the California Supreme Court denied all of counsel's requests for factual development of his claims and for evidentiary hearings, further hindering his ability to exhaust his claims earlier.

Petitioner fails to demonstrate good cause. Mere allegations of ineffective assistance do not constitute good cause. *See Nichols v. Knipp*, 2011 U.S. Dist. LEXIS 97758 at *6 (E.D. Cal. Aug. 31, 2011), *Gray v. Ryan*, 2010 U.S. Dist. LEXIS 127468 at * 12 (S.D. Cal. Oct. 27, 2010); *see also Sum v. Clark*, 2011 U.S. Dist. LEXIS 2011 U.S. Dist. LEXIS 94607 at *15 (E.D. Cal. August 24, 2011), *Meredith v. Lopez*, 2011 U.S. Dist. LEXIS 70772 at *9 (June 30, 2011), *Mora v. McDonald*, 2009 WL 2190812 at 5 (C.D. Cal. July 17, 2009). Petitioner does not explain how counsel's performance fell

below an objective standard of reasonableness or how the deficient performance prejudiced him. *See Wooten*, 540 F.3d at 1024 fn. 2, *citing Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). If a mere allegation of ineffective assistance constituted good cause, stay and abey orders would be routine, in contravention of the Ninth Circuit's guidance in *Wooten*. *Id*. at 1024.

Because the Court finds that petitioner has failed to establish good cause, it need not address the potential merits of petitioner's claims or whether he has shown an absence of dilatory tactics.

**CONCLUSION**

As discussed above, because a mixed petition may be stayed rather than dismissed, respondent's motion to dismiss is DENIED. Petitioner however, has not shown good cause for a stay. Accordingly, his motion for stay and abeyance is DENIED WITHOUT PREJUDICE. Petitioner may again seek a stay by filing a renewed motion that shows that a stay is warranted. In the alternative, petitioner may delete the unexhausted claims from his petition and proceed with the litigation of the remainder of his claims. Any renewed motion for a stay or request to delete claims must be filed within 60 days of the date of this Order.

**IT IS SO ORDERED**.

DATED: February 21, 2013

SUSAN ILLSTON
United States District Judge