UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PHILIP CARL JABLONSKI, | No. C 07-3302 SI |
| Petitioner, | **ORDER GRANTING RENEWED MOTION FOR STAY AND ABEYANCE** |
| v. | |
| KEVIN CHAPPELL, | |
| Respondent. | |

## INTRODUCTION

Petitioner Philip Carl Jablonski is a condemned prisoner at California's San Quentin State Prison. Pursuant to this Court's Order of February 21, 2013, denying without prejudice petitioner's motion for stay and abeyance due to an inadequate showing of good cause, petitioner has filed a renewed motion for stay and abeyance. Respondent has filed an opposition and petitioner has filed a reply. For the reasons mentioned below, petitioner's motion is GRANTED.

## BACKGROUND

In 1994, petitioner was convicted of the first degree murders of his wife and her mother. The jury found true the special circumstance allegations of murder while engaged in the commission or attempted commission of rape and sodomy, and prior-murder and multiple-murder. Petitioner was sentenced to death. The Supreme Court of California affirmed his conviction and sentence. *People v. Jablonski*, 37 Cal. 4th 774 (2006).

No. C 07-3302SI

On May 6, 2011, petitioner filed a federal habeas petition. Following the grant of his motion for equitable tolling, he filed an amended petition on May 7, 2012.

On June 7, 2012, the parties filed a joint statement agreeing that claims 1(H), 1(I),1(K), 2, 3, 27, 31, 32, 35 - 40 and 42 are unexhausted. Respondent subsequently filed a motion to dismiss the petition because it contains unexhausted claims. Petitioner countered with a request for stay and abeyance pending his exhaustion of claims in state court. The Court denied respondent's motion to dismiss on the grounds that under *Rhines v. Weber*, 544 U.S. 269, 273-75 (2005), mixed petitions may be stayed rather than dismissed. The Court further denied without prejudice petitioner's motion for a stay due to an insufficient showing of good cause.

The parties' renewed briefs regarding petitioner's entitlement to a stay are currently before the court.

**LEGAL STANDARD**

**1.      Exhaustion**

Federal courts may not grant a writ of habeas corpus brought by a person in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1) (A). The exhaustion requirement is grounded in principles of comity as it gives states the first opportunity to correct alleged violations of a prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A federal constitutional claim is exhausted when it has been "fairly presented" to the highest state court and that court has had a meaningful opportunity to apply controlling legal principles to the facts underlying the claim. *Picard v. Connor*, 404 U.S. 270, 276-77 (1971); *Anderson v. Harless*, 459 U.S. 4, 7 (1982); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986). A claim has been "fairly presented" if the petitioner described in state court both the legal theories and the operative facts on which he bases the claim. *Picard*, 404 U.S. at 277-78; *see Crotts v. Smith*, 73 F.3d 861, 865 (9th Cir. 1995).

In *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011), the Supreme Court held that federal

habeas review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Once a state court has decided the claim on the merits, "evidence later introduced in federal court is irrelevant." *Id*. at 1400. Although *Pinholster* did not address exhaustion issues, after its issuance, if a federal habeas petitioner wishes for a federal court to consider new evidence in deciding whether his claims survive review under Section 2254(d)(1), he must first present that evidence in state court. *See*, *e.g*., *Gonzalez v. Wong*, 667 F.3d 965 (2011) (potentially meritorious *Brady* claim supported by newly-discovered materials obtained during federal habeas proceedings remanded to district court with instructions to stay proceedings to permit petitioner to present claim to California Supreme Court.)

**2.    Stay and Abeyance**

The Supreme Court follows a rule of "total exhaustion," requiring that all claims in a habeas petition be exhausted before a federal court may grant the petition. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court is permitted, however, to stay a mixed petition to allow a petitioner to exhaust his claims in state court without running afoul of the one-year statute limitations period for receiving federal habeas review imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Rhines*, 544 U.S. at 273-75. A district court must stay a mixed petition if: 1) the petitioner has good cause for his failure to exhaust his claims, 2) the unexhausted claims are potentially meritorious, and 3) there is no indication that the petitioner intentionally engaged in dilatory tactics. *Id.* at 278.

Neither the Supreme Court nor the Ninth Circuit has articulated with precision what constitutes "good cause" for purposes of granting a stay under *Rhines*. In *Pace v. Digugliemo*, 544 U.S. 408, 416 (2005), the Supreme Court stated in dicta that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court" without exhausting state remedies first. More recently, in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), the Supreme Court held that ineffective assistance of post-conviction counsel may constitute cause for overcoming procedural default. Numerous courts have drawn an analogy between "good cause" for

failure to exhaust and the showing required to overcome a procedural bar. *See*, *e.g*., *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205,1207 (C.D. Cal. 2005); *Bader v. Warden*, 2005 WL 1528761 at \*7 (D. N.H. 2005) (unpublished memorandum).

The Ninth Circuit has clarified that "good cause" for failure to exhaust does not require "extraordinary circumstances." *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). Nonetheless, the good cause requirement should be interpreted in light of the Supreme Court's admonition that stays be granted only in "limited circumstances" so as not to undermine the AEDPA's twin goals of reducing delays in the execution of criminal sentences, and streamlining federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). A petitioner's mistaken impression that his counsel included a claim in an appellate brief does not qualify as "good cause" for failure to exhaust as such an allegation could be raised by any petitioner, rendering stay-and-abeyance orders routine. *Id*.

District courts have diverged in their interpretation of good cause. As noted above, a number of courts have analogized it to the good cause requirement for overcoming procedural default. *See*, *e.g*., *Hernandez*, 397 F. Supp. 2d 1207; *Bader*, 2005 WL 1528761 at \*7. Under the procedural default doctrine, the "cause" standard requires a petitioner to show that some objective factor external to the defense impeded counsel's efforts to raise the claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Other courts have found the "good cause" requirement for a stay to be less stringent than that required in the procedural default context. *See*, *e.g.*, *Corjasso v. Ayers*, 2006 WL 618380 at \*1 (E.D. Cal. 2006) (comparing good cause standard to that of excusable neglect); *Hoyos v. Cullen*, 2011 U.S. Dist. LEXIS 462 (S.D. Cal. 2011) (same).

## DISCUSSION

Petitioner requests that his petition be stayed pending his exhaustion of claims 1(H), 1(I), 1(J), 1(K), 2, 3, 27, 31, 32, 35-40 and 42. In his previous request for a stay, which petitioner incorporates by reference, petitioner alleged that the ineffective assistance of state habeas counsel constitutes good cause for his failure to exhaust the above claims. Petitioner also claimed that the California Supreme

1 Court denied all of counsel's requests for factual development of his claims and for evidentiary hearings, further hindering his ability to exhaust his claims earlier. This Court denied without prejudice petitioner's motion on the grounds that his conclusory allegations of ineffective assistance did not establish good cause. (Docket No. 27.)

As discussed below, in his renewed motion, petitioner 1) shows good cause for his failure to exhaust, 2) establishes that his claims are potentially meritorious and 3) shows that he did not intentionally engage in dilatory tactics. *Rhines*, 544 U.S. at 273-78. He thus meets the requirements for a stay.

**1.     Cause**

   **A.     Ineffective Assistance Of Counsel**

In his renewed motion, petitioner argues that state habeas counsel's ineffectiveness in failing to raise 1(I), 1(J) and 1(K) constitutes good cause for his failure to exhaust. In these claims, petitioner alleges that trial counsel was ineffective for failing to investigate and present evidence of his childhood history of sexual assault, abuse and related mental illnesses (claim 1(I)), for failing to argue that due to the excessive amount of medication he was taking, petitioner's demeanor during trial prejudiced the jury against him (claim 1(J)), and that the medication also rendered him incompetent (claim 1(K)).

Petitioner argues that because he meets the "cause" standard articulated in *Martinez* for overcoming default, he has likewise shown good cause under *Rhines*. Pet. at 16. Respondent counters that *Martinez* simply created a narrow exception to procedural default and does not excuse petitioner's failure to exhaust his claims in state court. Opp'n at 2. Petitioner rejects respondent's allegations and further asserts that *Pinholster* provides an alternate basis for a stay.

The court need not determine whether the alleged ineffective assistance of petitioner's state habeas counsel constitutes good cause for his failure to exhaust because, as discussed below, *Pinholster* warrants a stay of the petition.

**B.** *Pinholster*

Petitioner argues that the Supreme Court's recent decision in *Pinholster* compels his return to state court for exhaustion proceedings. The Court agrees.

Under *Reed v. Ross*, 468 U.S. 1, 16 (1984), a change in the law may constitute "cause" for failure to comply with applicable procedures. In *Reed*, the Supreme Court held that "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable . . . procedures." *Id*. The Court outlined several examples of when a claim is "not reasonably available" so as to be considered novel, including a situation where the Supreme Court issues a decision that "disapprove[s] a practice . . . sanctioned in prior cases." *Id*. at 17. As discussed below, *Pinholster* is such a decision.

The *Pinholster* decision introduced a significant shift in the law sufficient to constitute "cause." As noted in *Martinez v. Martel*, *Order Granting Leave To Amend And A Stay Pursuant To Rhines v. Weber*, CV 04-09090 (C.D. Cal. July 17, 2011):

> *Pinholster* significantly altered what petitioner must do to exhaust his federal constitutional claims so that the federal court can review them de novo. Under the traditional test, exhaustion occurs when a habeas petitioner has 'fairly presented' his or her claim to the highest state court . . . Under traditional analysis, new evidence presented for the first time in federal court does not render a claim unexhausted unless it 'fundamentally alter[s] the legal claim already considered by the state courts.' Prior to *Pinholster*, the Court consistently held that traditional exhaustion doctrine was unaffected by AEDPA. Although *Pinholster* does not, by its terms, purport to alter the exhaustion requirement, *Pinholster* holds that, in determining whether a habeas petitioner's claim survives review under AEDPA, 'review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.' . . . After *Pinholster*, if a federal habeas petitioner wishes for a federal court to consider new evidence in deciding whether his claims survive review under Section 2254(d)(1), he must first present that evidence in state court. Although not couched in terms of exhaustion, *Pinholster*'s holding substantially tightens the exhaustion requirement, imposing a 'new obligation' with which a habeas petitioner must comply to obtain de novo review of his claims in federal court.

*Martinez* at 37-39 (internal citations omitted). Because the change in the law effected by *Pinholster* implicates a circumstance constituting "cause" under *Reed*, it constitutes good cause for petitioner's failure to exhaust. *See also Burney v. Martel, Order On Petitioner's Motion For A Stay Pending Exhaustion*, CV 10-0546 (C.D. Cal. November 14, 2011).

**2. Merit of Claims and Absence of Dilatory Tactics**

Based on its review of the record, the Court can not conclude that petitioner's unexhausted claims are "plainly meritless." *Rhines*, 544 U.S. at 277. Furthermore, the Court already found that petitioner has been pursing his rights diligently when it granted equitable tolling. (Docket No. 16.) Since then, he has been following this Court's Habeas Local Rules in litigating his petition. There is no further evidence that petitioner has engaged in dilatory litigation tactics to date. Petitioner thus satisfies the second and third prongs of *Rhines*.

**CONCLUSION**

For the above-mentioned reasons, the Court finds as follows:

1) Petitioner's renewed motion for a stay is GRANTED;

2) The Federal Public Defender for the District of Arizona is granted permission to represent petitioner is state exhaustion proceedings;

3) Petitioner shall file an exhaustion petition in state court within 30 days of the date of this Order;

4) Ninety days after the entry of this Order, and every 90 days thereafter until proceedings in his state exhaustion case are completed, petitioner shall serve and file in this Court a brief report updating the Court and the parties on the status of his pending state habeas action. No later than 30 days after proceedings in his state case are completed, petitioner shall serve and file notice that proceedings are completed.

**IT IS SO ORDERED.**

DATED: November 25, 2013

SUSAN ILLSTON
United States District Judge