UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP CARL JABLONSKI,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden, San Quentin State Prison,<br><br>    Respondent. | Case No. 07-CV-03302 SI<br><br>DEATH PENALTY CASE<br><br>**ORDER RE: PROCEDURAL DEFAULT** |

## BACKGROUND

Petitioner Phillip Carl Jablonski was charged with the murder of his wife and her mother in San Mateo County. *People v. Jablonski*, 37 Cal. 4th 774, 781 (2006). A jury found Petitioner guilty of two counts of first degree murder and found true special circumstance allegations that Petitioner murdered one victim while engaged in the commission or attempted commission of rape and sodomy. The jury also found true the special circumstance allegations of prior-murder and multiple-murder. *Id.* After a trial to determine his sanity, the jury found Petitioner was sane at the time of the commission of the offenses. The jury subsequently sentenced Petitioner to death for each of the killings. *Id.*

On January 23, 2006, the California Supreme Court denied Petitioner's direct appeal. *See People v. Jablonski*, 37 Cal. 4th 774. His first state habeas petition was summarily denied on June 13, 2007. *See* AG017972. Petitioner was represented by the same attorney in both proceedings. The United States Supreme Court denied Petitioner's writ for certiorari on October 2, 2006. *See Jablonski v. California*, 549 U.S. 863 (2006).

Petitioner commenced his federal proceedings by filing a pro se motion to stay his execution

1   and a request for counsel on June 22, 2007. *See* Dkt. No. 1. Petitioner filed his initial petition and first amended petitions in 2011 and 2012. *See* Dkt. Nos. 12 & 17. On November 25, 2013, this Court granted Petitioner's request to stay and abey his case while he exhausted state remedies. *See* Dkt. No. 34.

After returning from state court, Petitioner filed a Second Amended Petition. *See* Dkt. No. 44 ("SAP"). Petitioner withdrew several claims he raised in his first amended petition, including Claims 1(H), 31, 35, 36, 37, 38, 39, 40, and 42. *Id.* Respondent's Answer was filed on June 15, 2017. *See* Dkt. No. 52 ("Answer"). Petitioner filed a Traverse on December 22, 2017. *See* Dkt. No. 59 ("Traverse").

On February 22, 2018, the parties requested that the Court make a determination as to the procedural default status of several claims. *See* Dkt. No. 61. Pursuant to the parties' request, the Court finds and orders as follows.

**LEGAL STANDARD**

Federal courts will not review "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The doctrine of procedural default is a "specific application of the general adequate and independent state grounds doctrine." *Fields v. Calderon*, 125 F. 3d 757, 762 (9th Cir. 1997) (internal quotation and citation omitted). It bars a federal court from granting relief on a claim when the state court declined to address the claim because the petitioner failed to meet a state procedural requirement. *Id.* In the federal habeas context, the procedural default rule furthers the interests of comity and federalism. *Coleman*, 501 U.S. at 730.

To determine whether a claim is defaulted, the federal court must establish whether the procedural rule the state court invoked to bar the claim is both "independent" and "adequate" to preclude federal review. "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." *LaCrosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001), citing *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983). In 1998, the Supreme Court

of California made clear that it would no longer consider federal law when denying a habeas claim as procedurally barred on grounds of untimeliness. *In re Robbins*, 18 Cal. 4th 770, 814 n.34 (1998). For a state procedural rule to be "adequate," it must be clear, well-established and consistently applied. *Calderon v. U.S. Dist. Ct. for Eastern Dist. Of California,* 96 F.3d 1126, 1129 (1996). Whether a state procedural rule is adequate to foreclose federal review is itself a federal question. *Douglas v. Alabama*, 380 U.S. 415, 422 (1965).

## ANALYSIS

The Court has reviewed the petition, answer, and traverse. Respondent has alleged procedural default as to Claims 1(I), 1(J), 1(K), 2, 15, 21, and 27. *See* Answer at 92, 94, 97, 134, 143, & 148.

### A. Claim 1(I)

In Claim 1(I), Petitioner alleges ineffective assistance of trial counsel for failure to "investigate, develop, and present evidence on [Petitioner]'s childhood history of sexual assault and abuse, and his related mental illness to the juries during [Petitioner]'s competency and sanity trials and . . . capital sentencing proceeding." SAP at 61. The claim was raised for the first time in Petitioner's second state habeas petition. The California Supreme Court denied it on the merits and as untimely. *See In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Clark*, 5 Cal. 4th 750, 767-68 (1993).

California's *Robbins* and *Clark* untimeliness bars are adequate and independent. *See Bennett v. Mueller*, 322 F.3d 573, 582-83 (9th Cir. 2003); *see also Walker v. Martin*, 562 U.S. 307, 316 (2011). Petitioner does not dispute that the claim is procedurally barred, but rather argues his default should be excused because he can show cause and prejudice based on ineffective assistance of state habeas counsel. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Because the Court's determination of whether Petitioner has shown cause and prejudice requires a determination of the merits of Claim 1(I), the Court will defer ruling on whether Petitioner has shown cause and prejudice until such time as the Court considers the merits of Petitioner's claim.

3

Claim 1(I) is procedurally defaulted and will be dismissed without prejudice to Petitioner's ability to establish cause and prejudice.

### B. Claim 1(J)

In Claim 1(J), Petitioner alleges ineffective assistance of trial counsel for failure to argue that Petitioner was on an "excessive amount" of medication, which affected Petitioner's demeanor during his trial and sentencing proceedings and prejudiced the jury. SAP at 66. The claim was raised for the first time in Petitioner's second state habeas petition. The California Supreme Court denied it on the merits and as untimely. *See In re Robbins*, 18 Cal. 4th at 780; *In re Clark*, 5 Cal. 4th at 767-68.

California's *Robbins* and *Clark* untimeliness bars are adequate and independent. *See Bennett v. Mueller*, 322 F.3d at 582-83; *see also Walker v. Martin*, 562 U.S. at 316. Petitioner does not dispute that the claim is procedurally barred, but rather argues his default should be excused because he can show cause and prejudice based on ineffective assistance of state habeas counsel. *See Martinez v. Ryan*, 566 U.S. 1. Because the Court's determination of whether Petitioner has shown cause and prejudice requires a determination of the merits of Claim 1(J), the Court will defer ruling on whether Petitioner has shown cause and prejudice until such time as the Court considers the merits of Petitioner's claim.

Claim 1(J) is procedurally defaulted and will be dismissed without prejudice to Petitioner's ability to establish cause and prejudice.

### C. Claim 1(K)

In Claim 1(K), Petitioner alleges ineffective assistance of trial counsel for failure to argue that the anti-psychotic and other medication that Petitioner was prescribed during his trial proceedings rendered him incompetent to consult with counsel and assist in his defense. *See* SAP at 70. The claim was raised for the first time in Petitioner's second state habeas petition. The California Supreme Court denied it on the merits and as untimely. *See In re Robbins*, 18 Cal. 4th at 780; *In re Clark*, 5 Cal. 4th at 767-68.

California's *Robbins* and *Clark* untimeliness bars are adequate and independent. *See Bennett v. Mueller*, 322 F.3d at 582-83; *see also Walker v. Martin*, 562 U.S. at 316. Petitioner does not dispute that the claim is procedurally barred, but rather argues his default should be excused because he can show cause and prejudice based on ineffective assistance of state habeas counsel. *See Martinez v. Ryan*, 566 U.S. 1. Because the Court's determination of whether Petitioner has shown cause and prejudice requires a determination of the merits of Claim 1(K), the Court will defer ruling on whether Petitioner has shown cause and prejudice until such time as the Court considers the merits of Petitioner's claim.

Claim 1(K) is procedurally defaulted and will be dismissed without prejudice to Petitioner's ability to establish cause and prejudice.

**D. Claim 2**

In Claim 2, Petitioner alleges ineffective assistance of appellate counsel for failure to raise meritorious claims, including a due process claim regarding Petitioner's use of psychotropic and other medications during trial proceedings. *See* SAP at 74. The California Supreme Court denied it on the merits and as untimely. *See In re Robbins*, 18 Cal. 4th at 780; *In re Clark*, 5 Cal. 4th at 767-68.

California's *Robbins* and *Clark* untimeliness bars are adequate and independent. *See Bennett v. Mueller*, 322 F.3d at 582-83; *see also Walker v. Martin*, 562 U.S. at 316. Petitioner does not dispute that the claim is procedurally barred, but rather argues his default should be excused because he can show cause and prejudice based on ineffective assistance of state habeas counsel. *See Martinez v. Ryan*, 566 U.S. 1. Because the Court's determination of whether Petitioner has shown cause and prejudice requires a determination of the merits of Claim 2, the Court will defer ruling on whether Petitioner has shown cause and prejudice until such time as the Court considers the merits of Petitioner's claim.

Claim 2 is procedurally defaulted and will be dismissed without prejudice to Petitioner's ability to establish cause and prejudice.

### E. Claim 27

In Claim 27, Petitioner alleges that his rights to due process and a fair trial were violated because he was under the influence of anti-psychotic drugs during the pretrial and trial proceedings and the drugs affected Petitioner's demeanor before the juries. *See* SAP at 137. The California Supreme Court denied it on the merits and as untimely. *See In re Robbins*, 18 Cal. 4th at 780; *In re Clark*, 5 Cal. 4th at 767-68; *In re Dixon*, 41 Cal.2d 756, 759 (1953).

California's *Robbins*, *Clark*, and *Dixon* untimeliness bars are adequate and independent. *See Bennett v. Mueller*, 322 F.3d at 582-83; *Walker v. Martin*, 562 U.S. at 316; *Johnson v. Lee*, 136 S. Ct. 1802, 1803-04 (2016). Petitioner does not dispute that the claim is procedurally barred, but rather argues his default should be excused because he can show cause and prejudice based on ineffective assistance of appellate and state habeas counsel. *See Martinez v. Ryan*, 566 U.S. 1. Because the Court's determination of whether Petitioner has shown cause and prejudice requires a determination of the merits of Claim 27, the Court will defer ruling on whether Petitioner has shown cause and prejudice until such time as the Court considers the merits of Petitioner's claim.

Claim 27 is procedurally defaulted and will be dismissed without prejudice to Petitioner's ability to establish cause and prejudice.

### F. Claim 15

In Claim 15, Petitioner alleges his rights to due process, confrontation, and reliability were violated when the trial court limited Petitioner's cross-examination of a state witness during the guilt phase of Petitioner's trial. *See* SAP at 114. Specifically, Petitioner argues the trial court erred in limiting Petitioner's ability to cross-examine parole officer Robert Paredes regarding the opinions of two doctors who expressed opinions regarding Petitioner's mental health. *Id.* at 116. The California Supreme Court denied Petitioner's claim on the merits and as forfeited by trial counsel's failure to object on the same grounds during trial.

California's bar for a petitioner's failure to object is adequate and independent for purposes of determining procedural default. *See Davis v. Woodford*, 384 F.3d 628, 653 (9th Cir. 2004) (finding Confrontation Clause claim procedurally barred where state supreme court found

constitutional claim forfeited despite petitioner's objection below on other grounds). Petitioner argues Claim 15 is not procedurally barred because counsel "relied on two theories in attempting to impeach Robert Paredes," including by challenging Paredes' testimony regarding his interactions with Petitioner and Paredes' "(suspect) expert testimony regarding [Petitioner's] mental illness." Traverse at 51-52. The Court has reviewed the record, however, and agrees with the California Supreme Court that trial counsel never objected on the grounds that Paredes' testimony as a de-facto "expert" violated Petitioner's rights to due process and right to confrontation. Rather, counsel argued the impeachment evidence was relevant to Paredes' mental state and "capacity to perceive" Petitioner's mental state. Whether Paredes' testimony may have been seen as de-facto expert testimony or not, trial counsel simply did not object to the testimony on those grounds. Based on the record, the California Supreme Court's finding that Claim 15 was forfeited was not unreasonable.

As Petitioner does not argue cause and prejudice as to this claim, Claim 15 will be dismissed.

### G. Claim 21

In Claim 21, Petitioner alleges his rights to due process, confrontation, and reliability were violated when the trial court limited Petitioner's cross-examination of Paredes during his sanity trial. *See* SAP at 129.[1] The California Supreme Court denied Petitioner's claim on the merits and as forfeited by trial counsel's failure to object on the same grounds during trial.

Again, the Court finds that California's bar for a petitioner's failure to object is adequate and independent for purposes of determining procedural default. *See Davis v. Woodford*, 384 F.3d at 653. Moreover, for the reasons outlined as to Claim 15, the Court finds that Claim 21 is procedurally defaulted.

As Petitioner does not argue cause and prejudice as to this claim, Claim 21 will be dismissed.

---

[1] Claim 21 rests on the same factual premise as Claim 15.

# CONCLUSION

For the aforementioned reasons:

1. Claims 1(I), 1(J), 1(K), 2, and 27 are dismissed as procedurally defaulted. The Court will consider whether Petitioner has established cause and prejudice to overcome the procedural default when it considers the claims on the merits.

2. Claims 15 and 21 are dismissed as procedurally defaulted.

3. Within thirty days (30) of the entry of this Order, the parties shall meet and confer and propose a briefing schedule[2] for the remaining claims, including further briefing on cause and prejudice for the above-identified procedurally defaulted claims. The parties should break up the claims and subclaims into groups in order to ensure that the claims can be addressed in a methodical manner.

**IT IS SO ORDERED.**

Dated: March 5, 2019

_____
SUSAN ILLSTON
United States District Judge

---

[2] Petitioner has requested that the Court allow additional merits briefing on his claims. The Court agrees that such briefing would be helpful to ensure the "orderly and expeditious disposition" of Petitioner's copious and complex claims. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Petitioner's request is granted.